John A.L. Campbell
Oklahoma Bar # 17590
Attorney at Law
9242 S. Sheridan Road, Suite K
Tulsa, Oklahoma 74133
(918) 605-8052
*Pro Hac Vice in Process*

Philip M. Ballif (# 4268)
DURHAM JONES & PINEGAR
111 E. Broadway, Suite 900
Salt Lake City, Utah  84111
Phone:       (801) 415-3000
Facsimile:  (801) 415-3500 fax
Email:       pballifs@djplaw.com

Attorneys for Plaintiff Jonathan R. Dariyanani

**IN THE UNITED STATES DISTRICT COURT**

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN R. DARIYANANI, <br><br> Plaintiff <br><br> vs. <br><br> JAMES G. BLAIR, <br><br> Defendant. | **COMPLAINT** <br><br><br> Case No. _____ <br><br> Judge _____ |

**COMPLAINT**

Plaintiff Jonathan R. Dariyanani alleges as his Complaint against Defendant James G. Blair the following claims and causes of action:

## JURISDICTION

1. Jonathan R. Dariyanani is a resident of the commonwealth of Virginia. During all applicable times herein, Mr. Dariyanani was a resident of the State of Ohio.

2. James G. Blair is a resident of the State of Utah.

3. This case involves a controversy that exceeds the sum of $75,000 exclusive of interest and costs.

4. This Court has jurisdiction in accordance with 28 U.S.C. §1332 as it is between citizens of different states.

5. This Court also has jurisdiction pursuant to 28 U.S.C. §1331 as it involves a question of federal law, to-wit, the Securities Exchange Act of 1933 and the rules promulgated by the U.S. Securities and Exchange Commission.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. K12, Inc. (hereinafter "K12") is incorporated under the laws of the State of Delaware. K12 is publicly traded on the New York Stock Exchange.

7. Power-Glide Language Courses, Inc. (hereinafter "Power-Glide") is a corporation organized and existing under the laws of the State of Utah. Prior to October 1, 2007, Power-Glide was a closely held private corporation.

8. At all relevant times, Mr. Blair was the President, Chief Executive Officer, sole Director and major stockholder of Power-Glide.

9. On or about October 1, 2007, K12 acquired all of the outstanding shares of stock in Power-Glide. Since that time, Power-Glide has been a wholly-owned subsidiary of K12.

10. From August, 2006 to September 17, 2007, Mr. Dariyanani owned an equity interest in Power-Glide. Mr. Dariyanani's equity interest arose out of a Consulting Agreement between himself and Power-Glide. Pursuant to the Consulting Agreement, Mr. Dariyanani owned approximately 33% of the outstanding shares of stock in Power-Glide subject to vesting and earn-out requirements.

11. Mr. Dariyanani's equity interest in Power-Glide was a security as defined by federal law and the rules of the Securities and Exchange Commission.

12. The Consulting Agreement also provided for the payment to Mr. Dariyanani of a monthly consulting fee.

13. After entering into the Consulting Agreement and becoming a stockholder of Power-Glide, Mr. Dariyanani signed a handwritten document containing a limited covenant not to compete with Power-Glide.

14. During September 2007, Mr. Blair negotiated and consummated or was in the final stages of consummating an agreement with K12 to purchase all of the outstanding shares of stock in Power-Glide at favorable terms.

15. In September 2007, Mr. Blair contacted Mr. Dariyanani and negotiated the purchase of Mr. Dariyanani's equity interest in Power-Glide as provided to Mr. Dariyanani in connection with the Consulting Agreement. These contacts and negotiations were initiated and took place by means of telephone and email. In connection with these contacts and negotiations, Mr. Blair represented to Mr. Dariyanani that Power-Glide needed financing in order to continue

SLC_488603

operations and that in order to get this financing he needed to buy-back Mr. Dariyanani's equity interest in Power-Glide. In connection with these contacts and negotiations, Mr. Blair also represented to Mr. Dariyanani that as a condition of this financing Mr. Dariyanani's limited covenant not to compete had to be confirmed and expanded.

16. At the time he made these representations to Mr. Dariyanani, Mr. Blair knew they were false and misleading. At the time he made these representations to Mr. Dariyanani, Mr. Blair new that Mr. Dariyanani relied on them in agreeing to sell his equity interest in Power-Glide to Mr. Blair and in agreeing to confirm and expand the limited covenant not to compete.

17. When Mr. Blair approached Mr. Dariyanani to negotiate a purchase of his equity interest in Power-Glide, Mr. Blair was aware that Power-Glide had negotiated and consummated or was in the process of negotiating or consummating a deal with K12 for the purchase of all of the shares of stock in Power-Glide. Mr. Blair knew that Mr. Dariyanani did not know these facts and Mr. Blair did not disclose these facts to Mr. Dariyanani.

18. On October 1, 2007, a mere thirteen (13) days after Mr. Blair purchased Mr. Dariyanani's equity interest in Power-Glide, the K12 Board of directors approved and shortly thereafter closed the purchase of all of the outstanding shares of stock in Power-Glide for $3.9 Million Dollars and other valuable consideration.

## FIRST CAUSE OF ACTION

(Securities Fraud – Violation of S.E.C. Rule 10b-5)

19. Plaintiff repeats, realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 18.

20. Pursuant to S.E.C. Rule 10b-5, Mr. Blair was prohibited from using ". . .any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

21. During the month of September 2007, Mr. Blair contacted and communicated with Mr. Dariyanani both by telephone and by e-mail in connection with his efforts to negotiate and purchase Mr. Dariyanani's equity interest in Power-Glide and to confirm and expand Mr. Dariyanani's limited covenant not to compete with Power-Glide.  In doing so, Mr. Blair made misrepresentations and concealed from and failed to disclose to Mr. Dariyanani highly material information regarding the pending sale of all of the outstanding shares of stock in Power-Glide to K12.  Mr. Blair did these things with the intent of deceiving Mr. Dariyanani.

22. Through these misrepresentations, concealments and nondisclosures, Mr. Blair intentionally and/or recklessly misled and deceived Mr. Dariyanani.

23. If he had known the truth about Mr. Blair's negotiations and dealings with K12, Mr. Dariyanani would not have sold his equity interest in Power-Glide to Mr. Blair and would not have confirmed and expanded his limited covenant not to compete with Power-Glide.

SLC_488603

24. As a direct and proximate result of the conduct of Mr. Blair, Mr. Dariyanani has been harmed, has suffered damages and is entitled to recover an award of damages from Mr. Blair in the full amount provided by law, which amount is in excess of $1,000,000.

25. In addition, Mr. Dariyanani is entitled to recover attorneys' fees, costs and expenses in connection with this action as a result of Mr. Blair's conduct.

26. Mr. Blair acted maliciously, intentionally, fraudulently and/or with knowing and reckless indifference toward and with disregard for the rights of Mr. Dariyanani and is, therefore, liable for an award of punitive damages.

## SECOND CAUSE OF ACTION

(Breach of Fiduciary Duty)

27. Plaintiff repeats, realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 26.

28. As President, Chief Executive Officer, sole Director and major stockholder of Power-Glide, Mr. Blair owed a fiduciary duty to Mr. Dariyanani as an equity interest owner in Power-Glide.

29. As a fiduciary, Mr. Blair owed a duty of utmost good faith to Mr. Dariyanani. Among other things, Mr. Blair was required to deal with Mr. Dariyanani in good faith, to disclose all material information concerning his negotiations with K12, not to conceal or fail to disclose any material information concerning his negotiations with K12 and not to misrepresent, mislead or deceive Mr. Dariyanani in connection with his contacts, communications and negotiations for the purchase of Mr. Dariyanani's equity interest in Power-Glide and in

SLC_488603

connection with his request to confirm and expand the limited covenant not to compete with Power-Glide.

30.   Mr. Blair intentionally, recklessly and or negligently breached his fiduciary duty to Mr. Dariyanani by failing to disclose all material information concerning his negotiations with K12, by concealing or not disclosing material information concerning his negotiations with K12 and by misrepresenting, misleading and/or deceiving Mr. Dariyanani in connection with his contacts, communications and negotiations for the purchase of Mr. Dariyanani's equity interest in Power-Glide and in connection with his request to confirm and expand the limited covenant not to compete with Power-Glide.

31.   Mr. Dariyanani relied upon Mr. Blair's representations, disclosures and nondisclosures to his detriment.

32.   If Mr. Blair had dealt with him in good faith and not misled or deceived him, Mr. Dariyanani would not have sold his equity interest in Power-Glide to Mr. Blair and would not have confirmed or expanded his covenant not to compete with Power-Glide.

33.   As a direct and proximate result of the conduct of Mr. Blair, Mr. Dariyanani has been harmed, has suffered damages and is entitled to recover an award of damages from Mr. Blair in the full amount provided by law, which amount is in excess of $1,000,000.

34.   In addition, Mr. Dariyanani is entitled to recover attorneys' fees, costs and expenses in connection with this action as a result of Mr. Blair's conduct.

35.   Mr. Blair acted maliciously, intentionally, fraudulently and/or with knowing and reckless indifference toward and with disregard for the rights of Mr. Dariyanani and is, therefore, liable for an award of punitive damages pursuant to Utah Code Ann. § 78B-8-201.

## THIRD CAUSE OF ACTION

(Fraud, Nondisclosure & Concealment)

36. Plaintiff repeats, realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 35.

37. Mr. Blair owed Mr. Dariyanani a duty to accurately and completely represent and disclose all material facts and refrain from misrepresenting, omitting, suppressing or concealing in whole or in part, negligently or intentionally, any material fact pertaining to his negotiations with K12 for the sale of all outstanding shares of stock in Power-Glide, pertaining to his contact, communication and negotiations to purchase Mr. Dariyanani's equity interest in Power-Glide and pertaining to his request that Mr. Dariyanani confirm and expand the limited covenant not to compete with Power-Glide.

38. During the month of September 2007, Mr. Blair contacted and communicated with Mr. Dariyanani both by telephone and by e-mail in connection with his efforts to negotiate and purchase Mr. Dariyanani's equity interest in Power-Glide and to confirm and expand Mr. Dariyanani's limited covenant not to compete with Power-Glide. In doing so, Mr. Blair made misrepresentations and concealed from and failed to disclose to Mr. Dariyanani highly material information regarding the pending sale of all of the outstanding shares of stock in Power-Glide to K12.

39. Mr. Blair intentionally misrepresented, concealed from and failed to disclose to Mr. Dariyanani his dealings and negotiations with K12 with the intent of misleading, deceiving and defrauding Mr. Dariyanani.

SLC_488603

40. Mr. Dariyanani relied upon the information provided by Mr. Blair when he sold his equity interest in Power-Glide to Power-Glide.

41. Relying on Mr. Blair's misrepresentations and nondisclosures, Mr. Dariyanani agreed to and did sell his equity interest in Power-Glide for a small fraction of its actual value and agreed to and did confirm and expand his limited covenant not to compete with Power-Glide.

42. As a direct and proximate result of the conduct of Mr. Blair, Mr. Dariyanani has been harmed, has suffered damages and is entitled to recover an award of damages from Mr. Blair in the full amount provided by law, which amount is in excess of $1,000,000.

43. In addition, Mr. Dariyanani is entitled to recover attorneys' fees, costs and expenses in connection with this action as a result of Mr. Blair's conduct.

44. Mr. Blair acted maliciously, intentionally, fraudulently and/or with knowing and reckless indifference toward and with disregard for the rights of Mr. Dariyanani and is, therefore, liable for an award of punitive damages pursuant to Utah Code Ann. § 78B-8-201.

SLC_488603

## **PRAYER**

Mr. Dariyanani prays for judgment against Mr. Blair as follows:

A. For an award of compensatory damages in an amount to be proven at trial.

B. For an award of incidental and consequential damages in an amount to be proven at trial.

C. For an award of punitive damages in accordance with law.

D. For an award of attorneys' fees, costs and expenses.

E. For such other relief as the Court deems just and proper.

DATED this 30th day of October, 2009.

                                            **DURHAM JONES & PINEGAR, PC**

                                            /s/ *Philip M. Ballif*
                                            Philip M. Ballif
                                            Attorneys for Plaintiff Jonathan R. Dariyanani

Plaintiff's address:
Jonathan Dariyanani
1703 Franklin Street
Fredericksburg, VA  22401

SLC_488603